**In re Jennell WILLIAMS, Debtor.**

**Jennell WILLIAMS, Plaintiff,**

**v.**

**Sylvia CHAPMAN and Leo F. Doyle, Trustee, Defendants.**

**Bankruptcy No. 84–00999G.
Adv. No. 84–0583G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 16, 1986.

Michael Donahue, Chester, Pa., for debtor/plaintiff, Jennell Williams.

Carl E. Watts, Philadelphia, Pa., for defendant, Sylvia Chapman.

Leo F. Doyle, Philadelphia, Pa., Trustee/Defendant.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The primary point for decision is whether a tenant/debtor may recover a penalty from her landlord under Pa.Stat.Ann. tit. 68, § 250.512 (Purdon 1965 & 1985 Supp.) due to the landlord's alleged failure to return the debtor's security deposit or inform her of damages to the leasehold within 30 days after the termination of the lease. Since there is no credible proof that the debtor provided the landlord with her new address in writing on termination of the lease, which is a condition precedent to recovery under § 250.512, we will deny the debtor the recovery of a penalty from the landlord.

The facts of this case are as follows:[1] The debtor leased an apartment unit from Sylvia Chapman (the landlord) and gave the landlord the requisite security deposit of

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

$210.00. By mutual agreement the debtor and the landlord terminated the lease, at which time the debtor may have informed the attorney's assistant by telephone of her new address, but there is no credible evidence to support a finding that the debtor sent written notice of her new address or that the assistant wrote down said address.

There is also no credible evidence supporting the debtor's averments that she paid for certain plumbing repairs which purportedly were the landlord's responsibility. Likewise, the same deficiency of credibility afflicts the landlord's assertions that the debtor damaged the leasehold.

Under Pa.Stat.Ann. tit. 68, § 250.512[2] a landlord must, within 30 days of the termination of a lease, surrender the debtor's security deposit or provide a written statement of damages caused by the tenant to the leasehold. § 250.512(a). For a breach of this mandate the tenant may recover twice the amount of the deposit. § 250.-512(c). The tenant's failure to provide the landlord "with his new address *in writing* upon termination of the lease ... shall relieve the landlord from any liability under [§ 250.512]." § 250.512(e) (emphasis added). One Pennsylvania county court decision, lacking state wide precedential value,[3] has held that the requirement that the tenant provide his new address in writing, was satisfied when the tenant orally informed the landlord of the new address which was then written down by the landlord. *Perley v. Fannelli*, 1 D & C 3d 496, 498 (Del.County, Pa.1976).

■ In the case before us there is no proof that the debtor sent the landlord her new address in writing and similarly there is no support for the debtor's assertion that the attorney's assistant wrote down the address when called. Thus, § 250.512 is not applicable, and the debtor may not collect the penalty provided under § 250.-512(c).

■ We next move to the issue of the debtor's entitlement of the return of the

**2.** § 250.512. Recovery of improperly held escrow funds

(a) Every landlord shall within thirty days of termination of a lease or upon surrender and acceptance of the leasehold premises, whichever first occurs, provide a tenant with a written list of any damages to the leasehold premises for which the landlord claims the tenant is liable. Delivery of the list shall be accompanied by payment of the difference between any sum deposited in escrow, including any unpaid interest thereon, for the payment of damages to the leasehold premises and the actual amount of damages to the leasehold premises caused by the tenant. Nothing in this section shall preclude the landlord from refusing to return the escrow fund, including any unpaid interest thereon, for nonpayment of rent or for the breach of any other condition in the lease by the tenant.

(b) Any landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises.

(c) If the landlord fails to pay the tenant the difference between the sum deposited, including any unpaid interest thereon, and the actual damages to the leasehold premises caused by the tenant within thirty days after termination of the lease or surrender and acceptance of the leasehold premises, the landlord shall be liable in assumpsit to double the amount by which the sum deposited in escrow, including any unpaid interest thereon, exceeds the actual damages to the leasehold premises caused by the tenant as determined by any court of record or court not of record having jurisdiction in civil actions at law. The burden of proof of actual damages caused by the tenant to the leasehold premises shall be on the landlord.

(d) Any attempted waiver of this section by a tenant by contract or otherwise shall be void and unenforceable.

(e) Failure of the tenant to provide the landlord with his new address in writing upon termination of the lease or upon surrender and acceptance of the leasehold premises shall relieve the landlord from any liability under this section.

(f) This section shall apply only to residential leaseholds and not to commercial leaseholds.

Pa.Stat.Ann.Tit. 68, § 250.512.

**3.** The Supreme Court has stated that state court decisions without statewide precedent, are only entitled to "some weight" but are "not controlling" on the federal court. *King v. Order of United Commercial Travelers of America*, 333 U.S. 153, 160–61, 68 S.Ct. 488, 492–93, 92 L.Ed. 608 (1948). Nonetheless, for purposes of this case we will presume that *Perley* accurately reflects the state of the law in Pennsylvania.

security deposit of $210.00 which was deposited by the debtor with the landlord as "reimbursement of the cost of cleaning and repairing any intentional or negligent damage to the dwelling unit caused by the tenant...." Since no such credible claim is made by the landlord, the $210.00 is due the debtor and we will enter judgment in the debtor's favor for that amount.