**In re Paul Albert SENNHENN, Jr., Debtor.**

**Bankruptcy No. 87–00346.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 12, 1987.

Kenneth E. Bogden, Sandusky, Ohio, for movants.

John A. Landry, Toledo, Ohio, for debtor.

Anthony B. DiSalle, Toledo, Ohio, trustee.

## ORDER SUSTAINING OBJECTION TO PLAN AND GRANTING RELIEF FROM STAY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Richard K. Foster and Deanna K. Foster's objection to Debtor's chapter 13 plan and their motion to reject land installment contract, abandon real property, and for relief from stay. Upon consideration thereof, the court finds that their objection is well taken and should be sustained and that their motion is well taken and should be granted if Debtor is unable to obtain financing.

### FACTS

On September 26, 1985, Richard K. Foster and Deanna K. Foster (hereinafter "movants") and Debtor executed a land installment contract for residential property which property constitutes Debtor's residence. See Stipulation of Facts at 1–2 & Chapter 13 Statement at 1. The land contract provided for a purchase price of $84,500, a monthly payment of $378.01, and a balloon payment of unpaid principal and accrued interest on March 1, 1987. Motion to Reject Land Installment Contract, Abandon Real Property and for Relief From Stay, Exhibit A at 1. Debtor, Paul Albert Sennhenn, Jr., filed his voluntary petition under chapter 13 of Title 11 on February 20, 1987. Debtor filed his proposed chapter 13 plan on March 9, 1987 and first amended plan on March 26, 1987. Debtor has proposed to pay the March 1, 1987 payment and interest within the 60 month term of his Chapter 13 plan. Stipulation of Facts at 3.

On March 26, 1987, movants filed the instant objection to plan and motion to reject land installment contract, abandon real property and for relief from stay, alleging that Debtor may not modify movants' rights under the plan; that Debtor is in default of the land contract; that there is due and owing movants the sum of $69,818.79; that Debtor is unable to cure the default and provide adequate assurance of future performance of that contract; and that Debtor has no equity in that property. Movants claim that the balance due them as of March 1, 1987, was $70,272.69. Stipulation of Facts at 2. The fair market value, according to movants, is not greater than the purchase price. Debtor, however, contends that the fair market value is $100,000. Stipulation of Facts at 3. The court will first address movants' objection to Debtor's plan.

### DISCUSSION

11 U.S.C. § 1322 governs movants' objection to Debtor's plan. That section provides in relevant part that:

(b) ... the plan may—

\*　　\*　　\*　　\*　　\*　　\*

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence....

A land contract is a security device which permits the seller to retain legal title to the property and permits the buyer to hold equitable title. *In re Jones*, 56 B.R. 697 (Bkrtcy.E.D.Ark.1985). *See also In re Rehbein*, 60 B.R. 436, 15 C.B.C.2d 46 (9th Cir.B.A.P.1986); *In re Bertelsen*, 65 B.R. 654 (Bkrtcy.C.D.Ill.1986); Ohio Rev.Code Ann. § 5313.01 (Anderson 1981) (state law also defines a land contract as a security device). Thus, the parties' land contract represents a claim secured by a security interest in real property.

The property covered by the land contract is known as 11905 West Lake Road, Vermillion, Ohio. Exhibit A, *supra* at 1. This is also the address listed by Debtor as his residence. Chapter 13 Statement at 1.

Additionally, Debtor lists movants as creditors with a secured debt on his residence. Chapter 13, Schedule A–2—Secured Debts at 1. Thus, the real property in which movants have a security interest is Debtor's principal residence.

■ Section 1322 states that the rights of holders of claims, such as movants have, may not be modified by a plan. *See also* 5 *Collier on Bankruptcy* ¶ 1322.06, at 1322–12 (15th ed. 1987). "Given the clear statutory language against modification of the rights of lenders", a plan that disregards the terms of a balloon payment may not be confirmed. *Matter of Bosteder*, 59 B.R. 878, 881 (Bkrtcy.S.D.Ohio 1986).

Debtor proposes to pay the entire contract balance, plus arrearages with interest, within the 60 month term of his chapter 13 plan. Stipulation of Facts at 3. The land installment contract between the parties, however, provides that Debtor shall pay the unpaid principal and all accrued interest on or before March 1, 1987. Exhibit A, *supra* at 1.

In *In re Seidel*, 752 F.2d 1382 (9th Cir. 1985), Debtors purchased a home and executed a promissory note secured by a mortgage on the real estate. Interest payments only were to be made for three years, at which time the principal was due in full. Debtors failed to make the final payment and a foreclosure proceeding was initiated. Debtors filed their chapter 13 petition, and proposed to pay the debt, then in default, in 60 monthly installments with a final balloon payment. The court found that Debtors' plan improperly modified the creditors' rights and stated:

> when a plan would extend the time for payment beyond the time originally contemplated by the creditor, the creditors' rights are being "modified" and the plan should not be confirmed.

\* \* \* \* \* \*

By postponing payment of the debt beyond the time originally contemplated by the parties to the contract, [Debtors'] plan clearly amounts to a unilateral "modification" of the original debt contract, as that word is ordinarily used. *Id.* at 1384.

The instant case is analogous to *Seidel.* Debtor is attempting to postpone payment of the balloon payment beyond the time agreed by the parties. The parties' land contract provided for final payment on March 1, 1987. Debtor, however, proposes to pay this amount over the 60 month term of his plan. Such a modification of movants' rights is not permissible. Movants' objection is, then, well taken and should be sustained.

Debtor also contends that he may continue the land contract arrangement pursuant to §§ 1322(b)(3), (5) and (10). Subsection (3) provides that the plan may "provide for the curing or waiving of any default." 11 U.S.C. § 1322(b)(3). This subsection, however, only allows a plan to cure a default; it does not authorize the curing of a default without regard to the terms of the contract. 5 *Collier on Bankruptcy* ¶ 1322.07, at 1322–16 (15th ed. 1987). Furthermore,

> When Congress empowered Chapter 13 debtors to "cure defaults," we think Congress intended to allow mortgagors to "deaccelerate" their mortgage and reinstate its original payment schedule.... [W]e think that the power to cure must comprehend the power to "de-accelerate." This follows from the concept of "curing a default." A default is an event in the debtor-creditor relationship which triggers certain consequences— here, acceleration. Curing a default commonly means taking care of the triggering event and returning to pre-default conditions.

*Bosteder*, 59 B.R. at 882 (quoting *In re Taddeo*, 685 F.2d 24 (2d Cir.1982)).

As previously stated, the terms of the parties' land contract provided for payment in full of the unpaid principal balance on March 1, 1987. This term is not an acceleration provision which would permit Debtor the opportunity to cure the amount due movants. Instead, it is a provision with which Debtor must comply. Debtor may not disregard this provision.

Debtor also cites subsection (5) in support of its plan. That section states that a plan may:

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5). This section, though, is concerned with a long term debt arrangement and may not be utilized where a large final balloon payment is due prior to termination of the plan. *See Seidel, supra;* 5 *Collier on Bankruptcy* ¶ 1322.09, at 1322–18.

Lastly, Debtor refers to subsection (10) in furtherance of his plan. That subsection states that a plan may "include any other appropriate provision not inconsistent with this title." 11 U.S.C. § 1322(b)(10). In light of the above discussion, Debtor's plan is inconsistent with §§ 1322(b)(2), (3) and (5). Debtor may not, then, use this section as justification for his plan. Movants' objection to Debtor's plan is well taken and should be sustained.

The next issue concerns movants' motion to reject land installment contract, abandon real property and relief from stay. Movants' motion is brought pursuant to §§ 365 and 362. An issue raised by the parties concerns the nature of the land contract. Movants contend that the land contract is an executory contract, subject to § 365, while Debtor contends it is not an executory contract. As previously discussed, a land contract is a security device. See discussion *supra*, at 91. Section 365 is not, then, applicable to the instant motion.

Section 362 provides in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause ...; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property and

(B) such property is not necessary to an effective reorganization.

■ Movants are seeking relief from the automatic stay of 11 U.S.C. § 362(a) which in general terms "provides for a broad stay of litigation, lien enforcement, and other actions, judicial or otherwise, which affect or interfere with property of the estate, property of the Debtor, or property in the custody of the estate." 2 *Collier on Bankruptcy* ¶ 362.01, at 362–7 (15th ed. 1987). Movants request relief from the automatic stay pursuant to § 362(d) as Debtor lacks equity in the property and the property is not necessary for an effective reorganization. Motion to Reject, *supra* at 2–3. The court, however, finds that "cause" exists for granting relief from stay pursuant to § 362(d)(1).

In *In re Williams,* 68 B.R. 442 (Bkrtcy. M.D.Ga.1987), Debtor failed to make postpetition payments to the second mortgage holder of her residence. The court granted the second mortgage holder relief from stay and found:

that in this case there has been a significant unexcused post-petition default by the Debtor. Although Debtor has substantial equity in the property which is her residence, Debtor offers no hope of ability to cure the post-petition default within any reasonable period of time nor does she offer any hope of curing same within the life of the Plan.

Under these circumstances, the Movant has shown "cause" for lifting of the stay under Section 362(d)(1) of the Bankruptcy Code (11 U.S.C. Section 362(d)(1)).

*Id.* at 443.

Relief from stay was also granted in *In re Panas,* 63 B.R. 637 (Bkrtcy.E.D.Penn. 1986). Debtor, in that case, was in arrears on both pre-petition and post-petition mortgage payments. The court found that this default constituted cause for relief from the automatic stay pursuant to § 362(d)(1). *Id.* at 638.

In the instant case, Debtor did not pay the March 1, 1987 balloon payment. Debtor proposes to cure this default over the next 60 months. Such a cure is not reasonable as movants' expectation was receipt of this payment in March. Debtor's proposal does not evidence his ability to cure the post-petition default within a reasonable period of time. Although he does offer to pay the purchase price in full, his proposal is the postponement of movants' expectation for five years.

Movants contend that the fair market value of the real estate is not greater than the purchase price of $84,500 and that the balance due as of March 1, 1987 was approximately $70,000. Stipulation of Facts at 2. Debtor disputes the amount due movants and values the real estate at $100,000. *Id.* Although it appears that Debtor has equity in his residence, Debtor does not have the ability to cure the post-petition default within any reasonable period of time, as previously discussed. The court finds, then, that movants' motion for relief from stay is well taken and should be granted.

In light of the foregoing, it is therefore

ORDERED that Richard K. Foster and Deanna K. Foster's objection to Debtor's plan be, and it hereby is, sustained. It is further

ORDERED that Debtor Paul Albert Sennhenn, Jr. is granted 30 days from the date of this order to obtain financing to satisfy the unpaid principal and accrued interest in the amount of $70,272.69. It is further

ORDERED that in the event Debtor is unable to obtain financing sufficient to satisfy this obligation, or the parties are unable to agree to a modification of Debtor's plan that is satisfactory to Richard K. Foster and Deanna K. Foster, relief from stay be, and it hereby is, granted, effective 40 days from the date of this order, upon the filing of an appropriate affidavit.