In re Jason CONGROVE and Shelby Congrove, Debtors.

Jason Congrove and Shelby Congrove, Plaintiffs,

v.

Northern Hancock Bank & Trust Co., Defendant.

Bankruptcy No. 12–40374.
Adversary No. 12–4062.

United States Bankruptcy Court, N.D. Ohio.

Jan. 7, 2013.

842

Philip D. Zuzolo, Zuzolo Law Offices, LLC, Niles, OH, for Plaintiffs.

Kevin M. Pearl, Weirton, WV, for Defendant.

## MEMORANDUM OPINION REGARDING MOTION FOR SUMMARY JUDGMENT

KAY WOODS, Bankruptcy Judge.

This cause is before the Court on Motion for Summary Judgment of Northern Hancock Bank & Trust Co. ("Motion for Summary Judgment") (Doc. # 20) filed by Defendant Northern Hancock Bank & Trust Co. ("Northern Hancock") on November 19, 2012. On December 3, 2012, Debtors/Plaintiffs Jason Congrove and Shelby Congrove filed Memorandum in Opposition to Defendant's Motion for Summary Judgment ("Response") (Doc. # 22). Northern Hancock filed Reply Brief of Northern Hancock Bank & Trust Co. in Response to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment ("Reply") (Doc. # 23) on December 10, 2012. For the reasons set forth herein, the Court will deny Northern Hancock's Motion for Summary Judgment.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general order of reference (Gen. Order No. 2012–7) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR.P. 7052.

## I. BACKGROUND AND ARGUMENTS

### A. Note and Security

On August 29, 2005, the Debtors executed a Promissory Note in favor of Northern Hancock in the amount of $103,989.00 ("Note").[1] The final balloon payment under the Note was due on August 29, 2010. In the section entitled "COLLATERAL," the Note states,

[T]his Note is secured by the following collateral described in the security instruments listed herein:

(A) an Open–End Mortgage dated August 29, 2005, to [Northern Hancock] on real property located in COLUMBIANA County, State of Ohio.

(B) a mobile home described in a Consumer Security Agreement dated August 29, 2005.

(Note at 2.)

In conjunction with the Note, the Debtors executed the aforementioned Open–End Mortgage ("Mortgage") and Consumer Security Agreement ("CSA").[2] The Mortgage grants Northern Hancock a security interest in real property located at 15499 State Route 45, East Liverpool, Ohio 43920 ("Real Property"), and the CSA grants Northern Hancock a security interest in a 2006 Colony Maplewood 76x28 (Serial Number SE20600AB) located at the Real Property ("Manufactured Home"). The Ohio Certificate of Title for

---

1. A copy of the Note is attached to the Motion for Summary Judgment as Exhibit B.

2. Copies of the Mortgage and CSA are attached to the Motion for Summary Judgment as Exhibits A and C, respectively.

the Manufactured Home ("Title") lists Northern Hancock as the first lienholder.[3]

### B. Main Case

On February 24, 2012 ("Petition Date"), the Debtors filed a voluntary petition pursuant to chapter 13 of Title 11, United States Code, which was denominated Case No. 12–40374 ("Main Case").[4] The Debtors' residence is located on the Real Property. (*See* Main Case, Doc. # 1, Pet.) In Schedule D—Creditors Holding Secured Claims, the Debtors list Northern Hancock as the holder of a second mortgage against the Real Property in the amount of $97,349.00. (*See* Main Case, Doc. # 1, Sch. D.) On April 17, 2012, Northern Hancock filed a proof of claim denominated Claim No. 6–1 ("Claim 6"), in which it asserts a secured claim against the Real Property and Manufactured Home in the amount of $106,350.32.[5]

The Debtors filed Amended Chapter 13 Plan ("Plan") (Main Case, Doc. # 36) on October 17, 2012. In Article 2 F of the Plan, the Debtors propose to bifurcate the claim of Northern Hancock into a secured claim in the amount of $50,000.00 and an unsecured claim in the amount of $47,349.00. (Plan, Art. 2 F.) The Debtors propose to pay Northern Hancock's claim in equal monthly installments through the Plan, which has a projected term of 60 months.

On October 18, 2012, Northern Hancock filed Objection to Confirmation of Amended Chapter 13 Plan ("Objection to Confirmation") (Main Case, Doc. # 40). Northern Hancock argues that the Plan cannot be confirmed because, *inter alia*, the Plan impermissibly seeks to modify its rights in contravention of 11 U.S.C. § 1322(b)(2). A hearing on the Objection to Confirmation has been continued to permit resolution of this adversary proceeding.

### C. Adversary Proceeding

On May 4, 2012, the Debtors filed Complaint (Doc. # 1), in which the Debtors request the Court to determine the extent and value of Northern Hancock's lien on the Real Property and Manufactured Home in accordance with 11 U.S.C. § 506. The Debtors assert that Northern Hancock has a secured claim of $50,000.00— *i.e.*, the alleged value of the Real Property and Manufactured Home—together with an unsecured claim of $56,350.02—*i.e.*, the amount asserted in Claim 6 less the alleged value of the Real Property and Manufactured Home. The Debtors state that Northern Hancock's claim may be bifurcated because it "is secured by a Mortgage on property other than real property that is the Debtors' principal residence." (Compl. ¶ 16.)

Northern Hancock filed Amended Document Answer and Affirmative Defenses of Northern Hancock Bank & Trust Co. ("Answer") (Doc. # 8) on May 29, 2012. Northern Hancock opposes the Debtors' attempt to bifurcate its claim for the following reasons: (i) "Plaintiffs inappropriately attempt to modify Defendant's rights as a creditor whose claim is secured only by a security interest in real property that is the Debtors' primary residence"; and (ii) "Plaintiffs' claim is barred because their debt obligation to the Defendant matured prepetition." (Ans. at 6 (citation omitted).)

---

3. A copy of the Title is attached to the Motion for Summary Judgment as Exhibit D.

4. All docket references are to this adversary proceeding unless the Main Case is indicated.

5. Copies of the Note, Mortgage and Title are also attached to Claim 6.

Following completion of fact discovery, on November 19, 2012, Northern Hancock filed its Motion for Summary Judgment. Northern Hancock argues that, because the Note matured prior to the Petition Date, the Debtors may not utilize 11 U.S.C. § 1322(b)(5) to cure the default under the Note and maintain payments. Specifically, Northern Hancock notes that subsection (b)(5) applies only to claims on which the last payment is due after the date on which the final plan payment is due. In addition, Northern Hancock asserts that the Bankruptcy Code does not permit the Debtors to extend the Note's maturity date.

The Debtors respond that (i) because Northern Hancock never surrendered the Title to the Manufactured Home, the Manufactured Home remains personal property under Ohio Law; and (ii) since Northern Hancock's claim is not secured solely by real property, § 1322(b)(2) does not prohibit modification of Northern Hancock's claim. The Debtors contend that they are not attempting to cure the default and maintain payments pursuant to § 1322(b)(5) and, thus, that Northern Hancock's reliance on subsection (b)(5) is of no consequence. Finally, the Debtors state that 11 U.S.C. § 1322(c)(2) "specifically allows the modification of a mortgage when the last payment becomes due prior to the end of the plan. Therefore, even if the Debtors could not modify under the § 1322(b)(2) [sic], the plan would still be proper under § 1322(c)(2)." (Resp. at 2.)

In its Reply, Northern Hancock admits, "Discovery in this case has conclusively established that the certificate of title to the Congrove's [sic] 2006 Colony Maplewood manufactured home has not been extinguished.... Accordingly, Northern Hancock's claim is not secured only by an interest in real property that is the debtor's principal residence." (Reply at 2–3

(citation omitted).) As a consequence, Northern Hancock argues that the Debtors may not utilize § 1322(c)(2) to pay Northern Hancock's claim through the Plan. Instead, Northern Hancock argues that its Motion for Summary Judgment must be resolved through application of § 1322(b)(2) and (b)(5) and "the established rule of law in this jurisdiction that debtors are not permitted to cure the default of a balloon payment that matured prior to the date of their bankruptcy petition." (*Id.* at 4 (citations and parentheticals omitted).)

## II. STANDARD FOR REVIEW

Fed.R.Civ.P. 56(a), made applicable to this proceeding by Fed. R. Bankr.P. 7056, states, in pertinent part,

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(a) (West 2013). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

"The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law." *Longaberger Co. v. Kolt,* 586 F.3d 459, 465 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In evaluating a motion for summary judgment, "the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party." *Banks v. Wolfe County Bd. of Educ.,* 330 F.3d 888, 892 (6th Cir.2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

## III. ANALYSIS

### A. Security for Northern Hancock's Claim

Summary judgment is appropriate only if there is no genuine dispute as to any material fact. In the Answer, Northern Hancock initially denied that its claim is secured by property other than real property that is the Debtors' principal residence. (Ans. at 6 (citation omitted) ("Plaintiffs inappropriately attempt to modify Defendant's rights as a creditor whose claim is secured only by a security interest in real property that is the Debtors' primary residence.").) However, Northern Hancock now concedes,

> The Debtors have argued and have proven that the certificate of title to their manufactured home has not been extinguished. Accordingly, *Northern Hancock's claim is not secured only by an interest in real property that is the debtor's principal residence.* Northern Hancock's claim is secured by real property and the Debtors' 2006 Colony Maplewood manufactured home, which is personal property.

(Reply at 3 (citation omitted) (emphasis added).) Thus, there is no dispute that Northern Hancock's claim is secured by both the Manufactured Home, which is personal property, and the Real Property.

### B. Section 1322(b) and (c)

Subsections (b) and (c) of 11 U.S.C. § 1322 provide, in pertinent part,

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> * * *
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
>
> * * *
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;
>
> * * *
>
> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
>
> * * *
>
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322 (West 2013).

### 1. Subsection (b)(5)

■ Section 1322(b)(5) applies only to claims "on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). There is no dispute that the Note matured prior to the Petition Date. As a result, the Debtors may not cure the default and maintain payments pursuant to § 1322(b)(5). However, the Debtors contend that they do not rely on subsection (b)(5). (Resp. at 3 ("If the Debtors' plan complies with § 1322(b)(2) then § 1322(b)(5) is not relevant to the analysis.").)

### 2. Subsection (c)(2)

■ Section 1322(c)(2) permits payment and modification of a claim, as contemplat-

ed in 11 U.S.C. § 1325(a)(5), only if the claim is "secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(c)(2). Northern Hancock admits that its claim is secured by personal property, as well as real property. As a consequence, § 1322(c)(2) is not applicable to the instant facts and the Debtors may not modify Northern Hancock's claim pursuant thereto.

### 3. Subsection (b)(2)

■ The only dispute between the parties is whether, as a matter of law, § 1322(b)(2) permits the Debtors to pay Northern Hancock's claim in installments through the Plan. Section 1322(b)(2) provides that a chapter 13 plan may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence.*" 11 U.S.C. § 1322(b)(2) (emphasis added). Northern Hancock's claim is partially secured by the Manufactured Home, which is personal property. Therefore, the exception to modification of a secured claim does not apply and § 1322(b)(2) permits the Debtors to "modify the rights" of Northern Hancock.

Having conceded that its claim is not secured only by real property—*i.e.,* that its claim falls outside the prohibition on modification—Northern Hancock argues that, because the Note's pre-petition maturation prohibits the Debtors from curing the default pursuant to § 1322(b)(5), the Debtors likewise cannot pay Northern Hancock's claim in installments through the Plan. As set forth below, Northern Hancock provides no tenable support for this position.

Northern Hancock formulates its argument as follows:

Because § 1322(c)(2) is inapplicable, the issues set forth in Northern Hancock's motion for summary judgment must be decided by application of § 1322(b)(2) and § 1322(b)(5) of the Bankruptcy Code, in addition to the established rule of law in this jurisdiction that debtors are not permitted to cure the default of a balloon payment that matured prior to the date of their bankruptcy petition.

(Reply at 4 (citing *In re Johnson,* 75 B.R. 927, 930–31 (Bankr.N.D.Ohio 1987); *In re Sennhenn,* 80 B.R. 89, 91–92 (Bankr. N.D.Ohio 1987); *In re Bosteder,* 59 B.R. 878, 881 (Bankr.S.D.Ohio 1986); and *In re Harris,* 147 B.R. 17 (Bankr.N.D.Ohio 1992)) (parentheticals omitted).) Northern Hancock further states, "The Debtors' Plan seeks to impermissibly modify their contract with Northern Hancock. A new payment schedule paying a balloon payment over time is not a cure, but is an impermissible modification of the rights of the parties." (*Id.* at 6.)

In each of the above four cases cited by Northern Hancock, the debtor proposed to pay a matured debt in installments through the chapter 13 plan. In each instance, however, the creditor's claim was secured solely by real property used as the debtor's principal residence. Each bankruptcy court found that the anti-modification provision in § 1322(b)(2) precluded the debtor's proposed modification of the creditor's claim. Because the anti-modification provision is not applicable in this proceeding, the cases cited by Northern Hancock are materially distinguishable and do not support Northern Hancock's position.

For example, Northern Hancock cites *In re Sennhenn,* 80 B.R. 89 (Bankr.N.D.Ohio 1987), to evince "the established rule of law in this jurisdiction that debtors are not permitted to cure the default of a balloon

payment that matured prior to the date of their bankruptcy petition." (*Id.* at 4.) In *Sennhenn,* creditors objected to confirmation of the debtor's plan, which proposed to pay the balance of the creditors' matured debt over the 60–month term of the Plan. The Bankruptcy Court for the Northern District of Ohio sustained the creditors' objection to confirmation on the basis that § 1322(b)(2) precluded "modification" of the rights of the creditors, whose claim was secured solely by the debtor's principal residence. The Bankruptcy Court concluded:

> [*T]he real property in which movants have a security interest is Debtor's principal residence.*
>
> *Section 1322 states that the rights of holders of claims, such as movants have, may not be modified by a plan*
> . . . .
>
> Debtor proposes to pay the entire contract balance, plus arrearages with interest, within the 60 month term of his chapter 13 plan. . . .
>
> \* \* \* .
>
> *Debtor is attempting to postpone payment of the balloon payment beyond the time agreed by the parties.* The parties' land contract provided for final payment on March 1, 1987. Debtor, however, proposes to pay this amount over the 60 month term of his plan. *Such a modification of movants' rights is not permissible.* Movants' objection is, then, well taken and should be sustained.

*Id.* at 91 (citations omitted) (emphasis added); *see also Seidel v. Larson (In re Seidel),* 752 F.2d 1382, 1387 (9th Cir.1985), *superseded by* 11 U.S.C. § 1322(c)(2), (citation omitted) ("Creditors who happened to take a security interest· in the debtor's home *along with a security interest in other property* of the debtor were meant to be excluded from the extra protection of subsection b(2)'s ban on modification;

their rights could be modified by a Chapter 13 plan."); *In re Bosteder,* 59 B.R. 878, 881, 883 (Bankr.S.D.Ohio 1986) (citation omitted) ("11 U.S.C. § 1322(b)(2) provides that while a Chapter 13 plan may modify the rights of holders of secured claims, it specifically excludes from such modifiable claims, those 'secured only by a security interest in real property that is the debtor's principal residence.' . . . A new payment schedule is not a cure, but rather modifies the rights of the parties.").

It is apparent from the holding in *Sennhenn,* as well as the majority of cases to have addressed this issue, that payment of a matured debt in installments through the chapter 13 plan constitutes a modification of the creditor's rights, rather than a cure of a default. Northern Hancock seemingly concedes as much when it states, "A new payment schedule paying a balloon payment over time is not a cure, but is an impermissible modification of the rights of the parties." (Reply at 6.) However, Northern Hancock refuses to recognize the plain text of § 1322(b)(2), which explicitly permits modification of a secured claim as long as the claim is not secured solely by real property that is the debtor's principal residence.

The only case cited by either party that is directly on point is *In re Escue,* 184 B.R. 287 (Bankr.M.D.Tenn.1995). In *Escue,* the debtor proposed to pay a debt, which matured prior to the petition date, in installments through his chapter 13 plan. The creditor objected to the plan and moved for relief from stay on the bases that (i) the note matured pre-petition; and (ii) the debtor was not entitled to modify the creditor's rights. Following a lengthy analysis of whether the deed of trust at issue was secured solely by the debtor's residence, the Bankruptcy Court for the Middle District of Tennessee concluded, "[U]nder § 1322(b)(2), [the creditor] holds

an interest which is secured by more than 'real property that is the debtor's principal residence.' Accordingly, the debtor is permitted to modify the rights of [the creditor] in accordance with the provision [sic] of the United States Bankruptcy Code." *Id.* at 292. As a result, the bankruptcy court overruled the creditor's objection to confirmation and denied its motion for relief from stay.

Northern Hancock attempts to discredit the Debtors' reliance on *Escue* by stating, "In *Escue* the claim of the creditor was secured solely by a security interest in real property that was the debtor's principal residence." (Reply at 5 (citation omitted).) Northern Hancock is incorrect. Under circumstances materially similar to those in this proceeding, the bankruptcy court in *Escue* concluded that the debtor could pay a matured debt in installments through the chapter 13 plan.

Ultimately, Northern Hancock argues that, because the Debtors cannot cure the default and maintain payments pursuant to § 1322(b)(5) or modify Northern Hancock's claim pursuant to § 1322(c)(2), the Debtors cannot pay Northern Hancock's claim in installments through the Plan. However, the Debtors do not propose to cure the default pursuant to subsection (b)(5) or modify Northern Hancock's claim pursuant to subsection (c)(2). Rather, by proposing to extend the maturity date of the Note and pay the debt through the Plan, the Debtors propose to modify the contractual rights of Northern Hancock. As stated above, § 1322(b)(2) expressly permits the Debtors to modify the rights of Northern Hancock as the holder of a claim that is not secured solely by real property serving as the Debtors' principal residence. Neither § 1322(b)(5) nor § 1322(c)(2) limits the Debtors' ability to modify the rights of Northern Hancock pursuant to § 1322(b)(2).

For the reasons set forth above, this Court finds that bifurcation and payment of Northern Hancock's claim, as proposed in the Debtors' Plan, is authorized pursuant to § 1322(b)(2).[6] Accordingly, Northern Hancock is not entitled to judgment as a matter of law. The Court will deny the Motion for Summary Judgment.

## IV. CONCLUSION

The parties agree that the Note matured prior to the Petition Date and that the Note is secured by both the Manufactured Home, which is personal property, and the Real Property. Thus, as a matter of law, the Debtors cannot cure the default and maintain payments pursuant to 11 U.S.C. § 1322(b)(5) or modify Northern Hancock's claim pursuant to 11 U.S.C. § 1322(c)(2). However, pursuant to 11 U.S.C. § 1322(b)(2), the Debtors may "modify the rights" of Northern Hancock as the holder of a claim secured by both personal property and real property.

Northern Hancock has provided no support for its argument that the Debtors may not pay Northern Hancock's claim in installments through the Plan and, thus, that Northern Hancock is entitled to judgment as a matter of law. The Debtors' proposed payment of the matured Note through the Plan constitutes a modification of Northern Hancock's rights, which § 1322(b)(2) expressly permits. As a consequence, this Court finds that bifurcation and payment of Northern Hancock's claim, as proposed in the Debtors' Plan, is authorized pursuant to § 1322(b)(2). Ac-

---

**6.** The Court makes no findings regarding the amounts of Northern Hancock's secured claim and unsecured claim.

cordingly, Northern Hancock's Motion for Summary Judgment will be denied.

An appropriate order will follow.

### ORDER DENYING NORTHERN HANCOCK'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Motion for Summary Judgment of Northern Hancock Bank & Trust Co. ("Motion for Summary Judgment") (Doc. # 20) filed by Defendant Northern Hancock Bank & Trust Co. ("Northern Hancock") on November 19, 2012. On December 3, 2012, Debtors/Plaintiffs Jason Congrove and Shelby Congrove filed Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. # 22). Northern Hancock filed Reply Brief of Northern Hancock Bank & Trust Co. in Response to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment (Doc. # 23) on December 10, 2012.

For the reasons set forth in this Court's Memorandum Opinion Regarding Motion for Summary Judgment entered on this date, the Court hereby:

1. Finds that the Note matured prior to the Petition Date;

2. Finds that Northern Hancock's claim is secured by the Manufactured Home, which is personal property, and the Real Property;

3. Finds that the Debtors cannot cure the default under the Note and maintain payments pursuant to 11 U.S.C. § 1322(b)(5);

4. Finds that the Debtors cannot modify Northern Hancock's claim pursuant to 11 U.S.C. § 1322(c)(2);

5. Finds that the Debtors may bifurcate Northern Hancock's claim and pay Northern Hancock's claim in installments through the Plan pursuant to 11 U.S.C. § 1322(b)(2);

6. Finds that Northern Hancock is not entitled to judgment as a matter of law; and

7. Denies Northern Hancock's Motion for Summary Judgment.